**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**1:19-21121-Civ (Ruiz; Becerra)**

HAMED WARDAK,

    Plaintiff,

v.

SARAH GOOLDEN and BRIAN CAVANAUGH,

    Defendants.

_____/

**DEFENDANT SARAH GOOLDEN'S
MOTION FOR ATTORNEY'S FEES AND COSTS
&
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

**COMES NOW** the Defendant, SARAH GOOLDEN ("Goolden" or Defendant), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby brings this Motion for Attorney's Fees and Costs, directed at the Plaintiff, HAMED WARDAK ("Wardak" or Plaintiff) and states:

**I.    INTRODUCTION**

Litigation is not a game. The federal courts are not a vehicle for litigants to harass others by filing frivolous claims that lack any conceivable merit under the existing facts or law. The Plaintiff, HAMED WARDAK ("Plaintiff" or Wardak) litigated, or attempted to litigate, various patently frivolous claims arising out of the same facts and against the same party, Defendant SARAH GOOLDEN ("Goolden" or Defendant), in no fewer than two separate jurisdictions—Florida and New York. Plaintiff has been unsuccessful on all attempts and this present litigation was recently dismissed by the Plaintiff.

Defendant herein moves to recover the attorney's fees and costs it expended in defending this present litigation before this Court, pursuant to Florida statutes and this Court's broad discretion.

## II. BACKGROUND FACTS

The Plaintiff, Wardak, is a 44-year-old "wealthy businessman, known in the community for his lucrative businesses." [D.E. 30 at p. 3 ¶ 14]. The Defendant, Goolden, is a student working to receive her college degree and residing in New York, NY. *Id* at ¶¶ 2, 14. The underlying events date back to at least 2018, wherein Wardak made a marriage proposal to Goolden, and under pressure, she accepted. However, shortly thereafter, Goolden broke off the engagement and ceased contact with Wardak after he sexually assaulted her. [D.E. 48 at p. 2]; [D.E. 47 at pp. 4-5]. Wardak persisted with stalking and harassing the Plaintiff in New York, which resulted in Goolden filing domestic incident reports, a criminal complaint and requesting a restraining order in New York against Wardak, which was granted. [D.E. 48 at p.2]; [D.E. 47 at pp. 4-5].

Thereafter, various lawsuits were initiated in New York and Florida. Specifically, on January 31, 2019, just three (3) days after Wardak initiated this lawsuit here in Miami-Dade County Circuit Court, he filed a second lawsuit in New York County, New York against Goolden. This lawsuit initiated in state court in New York was nearly identical to the allegations at-issue here. *See Hamed Wardak v. Sarah Goolden,* Index No.: 151080/2019 (Sup. Ct. NY Cty January 31, 2019) (the "NY Compl."). [D.E. 19-1].

In the NY Compl., Wardak brought claims alleging claims for conversion, misappropriation, unjust enrichment, constructive trust, accounting, abuse of process and for a restraining order on Defendant's bank accounts. [D.E. 19-1 at p. 3, ¶ 1]. Although alleging different causes of action in this case, the factual allegations of the NY Compl. are substantially

the same as those at-issue here, and arise out of the same transactions and the same parties. *c.f.* [D.E. 30].

Like here, the New York action was patently frivolous. The damages sought were gifts provided by the Plaintiff during his courtship of the Defendant and plainly not recoverable. For that reason, on September 23, 2019, the Hon. James Edward D'Auguste, J.S.C. dismissed the NY Compl. *with prejudice*. [D.E. 45-2]. Unabashedly, Wardak shopped these same claims in Florida before this Court, despite failing in New York and despite admitting on numerous occasions,[1] that the "damages" he seeks were gifts, upon which he has no claim.

### III.  PROCEDURAL POSTURE

On January 23, 2019, Wardak initiated this lawsuit in Miami-Dade County Circuit Court. [D.E. 1-3]. As set forth in its initial filing, Plaintiff brought claims against Defendant Goolden for Fraudulent Misrepresentation (Count I), Defamation (Count II), Malicious Prosecution (Count III), and Abuse of Process (Count IV). [D.E. 1-3 at pp. 1-7]. The crux of Wardak's claim was that his ex-girlfriend/fiancé, Goolden, defrauded him with regards to her romantic intentions and sought damages premised upon various gifts given by Wardak during their courtship. [D.E. 1-3 at p. 2-4].

On May 9, 2019, Defendant moved to dismiss those claims on several grounds. [D.E. 21]. Specifically, Defendant argued that Plaintiff's claims were barred by Florida's "heart balm" statute, Fla. Stat. § 771.01, which broadly excludes claims based upon failed romantic promises. [D.E. 21 pp. 6-7]. Similarly, Defendant argued that Plaintiff's defamation claims failed because the statements were not made to a third party, and because the statements were largely concerning one's own feelings and/or were otherwise opinions (e.g. "evil"), none of which are actionable.

---

[1] Wardak admits on countless occasions via email and text that the damages he seeks here are gifts that serve no basis for relief. *See* D.E. 47-2 (text messages from Wardak); D.E. 47-1 (July 28, 2018 emails from Wardak), *et al.*

[D.E. 21 at pp. 7-10]. The parties came before the Court for a hearing on September 10, 2019 [D.E. 28] and this Court thereafter granted Defendant's Motion to Dismiss, dismissing the entirety of Plaintiff's Complaint without prejudice, with leave to amend. [D.E. 29].

Completely undeterred, Plaintiff doubled-down by filing the Amended Complaint alleging the same inoperable set of facts. [D.E. 30]. Notably, the Amended Complaint included the same previously dismissed claims in Counts I and VIII (*i.e.* fraud, defamation), while adding new claims (*i.e.* civil conspiracy, violation of Florida's RICO Act Fla. Stat. § 772.103), as well as adding a new defendant, Goolden's father Brian Cavanaugh. *Id*.

Once again, Defendant was forced to move to dismiss the Amended Complaint, painstakingly pointing out that each of Plaintiff's claims failed as a matter of law. [D.E. 48]. Defendant's arguments for dismissal included many of the same arguments this Court heard, and agreed with, when it dismissed the original complaint. Specifically, that Plaintiff's claims were barred by the "heart balm" statute, [D.E. 48 at pp. 7-9], and that none of the allegedly defamatory statements were actionable. [D.E. 48 at pp. 17-19].

Thereafter, on or about May 6, 2020, the Defendant served the Plaintiff with a motion for sanctions pursuant to Fed. R. Civ. P. 11, setting forth all of the various bases raised repeatedly in Defendant's motions to dismiss. That twenty-one (21) day safe harbor under Fed. R. Civ. P. 11 was set to expire on or about May 27, 2020.[2]

On May 22, 2020, the Honorable Jacqueline Becerra, Magistrate Judge, entered her Report and Recommendations on Defendant's (and co-defendant Cavanaugh's) Motion to Dismiss the Amended Complaint, therein recommending that the Amended Complaint be dismissed *with prejudice*. [D.E. 104 at p. 2]. Magistrate Becerra recommended dismissing the Amended

---

[2] Plaintiff actually disclosed the motion for sanctions to this Court via a motion for extension directed at the twenty-one (21) day safe harbor provided under Fed. R. Civ. P. 11. [D.E. 96].

Complaint because (i) Florida's "heart balm" statute bars all of Plaintiff's claims, (ii) the defamation claims fail because the statements are not actionable, and (iii) Plaintiff's new claims for civil conspiracy and for alleged RICO Act violations under Fla. Stat. § 772.103 were wholly without merit for numerous reasons. [D.E. 104 at pp. 8-30].

On May 26, 2020, presumably in the hopes of avoiding potential sanctions, Plaintiff filed a Notice of Voluntary Dismissal, dismissing all claims without prejudice. [D.E. 105]. Thereafter, on May 27, 2020, this Court entered an Order Dismissing Case Without Prejudice. [D.E. 107].

## IV. LEGAL AUTHORITIES

### i. Entitlement to Attorney's Fees Award & Costs

Fed. R. Civ. P. 54(d) provides that a motion for attorney's fees and costs shall be filed within fourteen (14) days of any judgment. *See* Fed. R. Civ. P. 54(d)(2).[3] Under Fed. R. Civ. P. 54(d)(1),(2), costs should be allowed to the prevailing party unless prohibited by federal statute or other procedural rules. And, a motion for attorney's fees shall specify the basis for awarding attorney's fees and shall provide a fair estimate of the amount sought. *Id*.

Generally, attorney's fees are not awarded unless a statute or a contract specifically authorizes their recovery. *See Civix Sunrise, GC, LLC v. Sunrise Road Maintenance Association, Inc., et al.*, 997 So.2d 433, 434 (Fla. 2d DCA 2008); *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y,.* 421 U.S. 240, 247(1975); *See also*: *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (Holding that state statutes that permit recovery of attorney's fees are substantive for diversity purposes and therefore state law applies).

If provided by a statute or a contract, attorney's fees should be awarded to the prevailing party in the action. In general, a prevailing party is one that prevails on the significant issues in a

---

[3] This Motion is timely, as this Court entered its Order Dismissing Case Without Prejudice on May 27, 2020.

case, when the party obtains the benefits sought in the litigation. *See Trytek v. Gale Industries, Inc.*, 3 So.3d 1194 (Fla. 2009); *See also: Moritz v. Hoyt Enterprises, Inc.*, 604 So.2d 807 (Fla. 1992). It is also well-settled that when "there is a dismissal of an action, even where such a dismissal is voluntary and without prejudice, the defendant is the prevailing party." *See VP Gables, LLC v. Cobalt Group, Inc.*, 597 F. Supp. 2d 1326, 1330 (S.D. Fla. 2009) *quoting First Commodity Traders, Inc. v. Heinold Commodities, Inc.,* 766 F.2d 1007, 1015 (7th Cir.1985).

Alternatively, the trial court may also award attorney's fees as a sanction. This is because "[f]ederal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). As explained in *Chambers*, the "American Rule" generally prohibits shifting attorney's fees except where provided by statute or contract, "an exception allows federal courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. (internal citations omitted).

Although sanctions may be awarded under applicable statutes or procedural rules, *e.g*. Fed. R. Civ. P. 11, this is not a limitation upon the trial court's inherent authority to award attorney's fees as a sanction. *Id* at 50. ("[N]othing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. . . [N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules").

Finally, the Florida Supreme Court has held that attorney's fees incurred in litigating the issue of entitlement to attorney's fees are also recoverable. *See State Farm Fire & Cas. Co. v. Palma,* 629 So.2d 830, 833 (Fla.1993). This Court has previously interpreted *Palma* as holding

that attorney's fees incurred in litigating an entitlement to attorney's fees are recoverable. *McMahan v. Toto*, 311 F.3d 1077, 1086 (11th Cir. 2002).

Similarly, as it relates to taxable costs, Fed. R. Civ. P. 54(d) provides that a court has discretion to require the non-prevailing party to pay the prevailing party's costs incurred during the lawsuit. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987). Only certain costs may be recovered, including: costs of the clerk and marshal, costs of the court reporter, witness fees, and costs for exemplification and copies of papers necessarily obtained for use in the case. *See TCC Air Services, Inc. v. Schlesinger*, 05-80543-CIV, 2009 WL 565516, at *6 (S.D. Fla. Mar. 5, 2009).

## V. ARGUMENT

### i. Defendant is Entitled to an Award of Attorney's Fees and Costs.

As explained above, attorney's fees may be awarded to the prevailing party in an action where provided by statute or contract. See Civix Sunrise, GC, LLC v. Sunrise Road Maintenance Association, Inc., et al., 997 So.2d 433, 434 (Fla. 2d DCA 2008). The prevailing party is generally the party who prevails on the significant issues in the case. See Trytek v. Gale Industries, Inc., 3 So.3d 1194 (Fla. 2009). Where an action is dismissed without prejudice, the defendant is the prevailing party. *See VP Gables, LLC v. Cobalt Group, Inc.*, 597 F. Supp. 2d 1326, 1330 (S.D. Fla. 2009).

Here, after one dismissal, and after Magistrate Becerra recommending dismissing Plaintiff's entire claim with prejudice, the Plaintiff voluntarily dismissed the Amended Complaint without prejudice. [D.E. 105]. Thus, it cannot be disputed that Defendant is the prevailing party for purposes of an award of attorney's fees. *See VP Gables, LLC v. Cobalt Group, Inc.*, 597 F. Supp. 2d 1326, 1330 (S.D. Fla. 2009).

And, Defendant is entitled to recover attorney's fees in defending the Amended Complaint. This is because the Amended Complaint included a claim under Florida's RICO Act, Fla. Stat. § 772.103 in Count IV as against Defendant. As set forth in Fla. Stat. § 772.104(3): "**The defendant shall be entitled to recover reasonable attorney's fees and court costs** in the trial and appellate courts upon a finding that the claimant raised a claim which was **without substantial fact or legal support**." (**emphasis**) Further, Fla. Stat. § 772.185 states that attorney's fees awarded under Chapter 772 shall be taxed as costs.

Thus, at least as to Count IV, Defendant is entitled to an award of attorney's fees and costs pursuant to Fla. Stat. §§ 772.104(3) and 772.185. It cannot be disputed that Plaintiff's claims under Florida's RICO Act were "without substantial fact or legal support," as they were voluntarily dismissed. Thus, Defendant "shall" be entitled to an award of attorney's fees and costs. Fla. Stat. § 772.104(3). Further, Magistrate's Becerra's Report & Recommendation clearly reached that conclusion before the dismissal, as she found that Florida's "heart balm" statute bars all of Plaintiff's claims, including specifically the Florida RICO Act claim. [D.E. 104 at pp. 9-11]. She also found that the Florida RICO Act claims failed because the Plaintiff "failed to allege sufficient facts for any predicate act." [D.E. 104 at p. 17].

Thus, because Fla. Stat. § 772.104(3) uses the term "shall" and makes an award of attorney's fees mandatory, Defendant respectfully asserts that it must be awarded an award of attorney's fees and costs at least as to Count IV.

As to the remainder of the claims directed at the Defendant in the Amended Complaint, specifically for fraud (Count I), civil conspiracy (Count II), and defamation (Count VIII), Defendant respectfully requests this Court award attorney's fees as a sanction, pursuant to this Court's inherent discretionary authority to award sanctions.

As explained above, this Court has the inherent power to manage its courtroom, including by levying attorney's fees as a sanction where a party has acted in "bad faith, vexatiously, wantonly or for oppressive reasons." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991).

This Court should exercise that authority because the Plaintiff and/or its counsel has acted in bad faith, wantonly and oppressively. The Plaintiff persisted with claims that it knew, or should have known, were wholly without merit. The Amended Complaint brought fraud and defamation claims in Count I and VIII, despite this Court already dismissing those counts initially because the defamatory statements were not actionable and because the heart balm statute bars these claims. The Amended Complaint brought these defunct claims, *again*, without alleging any new facts or raising any novel theories, reflecting a bad faith and malicious intention. This is further underscored by the fact that the Plaintiff brought equally frivolous claims against the Defendant's father and co-defendant, Cavanaugh. In short, this Court has broad discretion to award attorney's fees as a sanction for bad faith and wanton conduct. This is exactly what occurred here, and this Court should act upon that discretion to enter an award of attorney's fees as a sanction as to the remainder of Plaintiff's claims in the Amended Complaint.

Finally, Defendant also asserts that this Court should also find this Motion itself are recoverable attorney's fees, as part of its award of attorney's fees and costs in this case. *See State Farm Fire & Cas. Co. v. Palma,* 629 So.2d 830, 833 (Fla.1993); *McMahan v. Toto*, 311 F.3d 1077, 1086 (11th Cir. 2002).

In sum, Defendant is undeniably the prevailing party. Defendant is entitled to an award of attorney's fees and costs on Count IV under Fla. Stat. § 772.104(3). As it relates to the remainder of the claims, these were malicious and bad faith claims that justify the imposition of an award of

attorney's fees and costs as a sanction. Accordingly, Defendant respectfully requests an award of attorney's fees and costs in defending the entirety of Plaintiff's claims, as well as for this Motion.

    ii.    <u>Amount of Attorney's Fees & Costs.</u>

In compliance with Fed. R. Civ. P. 54(d), the Defendant is required to "state the amount sought or provide a fair estimate of it" as part of its Motion. Defendant estimates the attorney's fees and costs incurred and sought via this Motion is **<u>$20,000</u>**.

In order to comply with Fed. R. Civ. P. 54, Defendant has timely filed this Motion and herein provides this estimate as to the fee and cost award sought. Defendant requires additional time to gather documentation to clarify the exact award sought and to assert arguments as to the reasonableness of that figure. Defendant respectfully asks that this Court allow Defendant to supplement this Motion via a subsequent filing, specifically directed at arguing the reasonableness of the fees sought and providing supporting documentation as to same.

## VI. CONCLUSION

In sum, under Fla. Stat. § 772.104(3), the Defendant is entitled to an award of attorney's fees and costs in defending those claims, including the filing of this Motion. As it relates to the remainder of the Plaintiff's claims, this Court should exercise its discretion and enter an award of attorney's fees and costs as a sanction on those claims.

While it is unfortunate that the Plaintiff's marital desires were not fulfilled, that does not justify the harassment which followed. As a wealthy businessmen, Plaintiff is capable of financing his campaign of frivolous litigation, but the Defendant is a young college student without the same financial resources. The Defendant should not be forced to bear the financial burden of harassing litigation. The Plaintiff cannot plausibly argue that the Amended Complaint was made in good faith, given that it was preceded by the dismissal of the New York action and this Court's dismissal

of the original complaint. This Court can, and should, award attorney's fees and costs to the Defendant on the entirety of Plaintiff's claim.

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order finding that the Defendant is the prevailing party on the entirety of the Plaintiff's action; finding that the Defendant is entitled to an award of attorney's fees and costs in defending the entirety of Plaintiff's claims, pursuant to Fla. Stat. § 772.104(3) and as a sanction levied pursuant to this Court's inherent authority, as against the Plaintiff (and/or his counsel(s)), as well as any other relief as is just and proper.

**Dated: June 5, 2020**　　　　　　　　　　　　Respectfully,

　　　　　　　　　　　　　　　　　　　　　　**DANIELS, RODRIGUEZ, BERKELEY,
　　　　　　　　　　　　　　　　　　　　　　DANIELS & CRUZ, P.A.**
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　4000 Ponce De Leon Boulevard, Suite 800
　　　　　　　　　　　　　　　　　　　　　　Coral Gables, Florida 33146
　　　　　　　　　　　　　　　　　　　　　　By: */s/ Lorne Berkeley*
　　　　　　　　　　　　　　　　　　　　　　LORNE E. BERKELEY, ESQ
　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 146099
　　　　　　　　　　　　　　　　　　　　　　lberkeley@drbdc-law.com
　　　　　　　　　　　　　　　　　　　　　　ALEXANDER L. WILDMAN, ESQ.
　　　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 116930
　　　　　　　　　　　　　　　　　　　　　　awildman@drbdc-law.com

**[CERTIFICATE OF SERVICE TO FOLLOW]**

**CERTIFICATE OF SERVICE\**

**I** HEREBY CERTIFY that on this 5th day of June, 2020, a true and correct copy of the foregoing was served upon counsel for the Plaintiff, Ms. Alexis Fields, Esq. at fields@kolawyers.com, Mr. David Ferguson, Esq, at ferguson@kolawyers.com , and Ms. Tereza Horáková, Esq. at thorakova@anmpa.com.

**DANIELS, RODRIGUEZ, BERKELEY, DANIELS & CRUZ, P.A.**
*Attorneys for Defendant*
4000 Ponce De Leon Boulevard, Suite 800
Coral Gables, Florida 33146
By: */s/ Lorne Berkeley*
LORNE E. BERKELEY, ESQ
Florida Bar No. 146099
lberkeley@drbdc-law.com
ALEXANDER L. WILDMAN, ESQ.
Florida Bar No.: 116930
awildman@drbdc-law.com

**SERVICE LIST**

Alexis Fields, Esq.
David Ferguson, Esq.
KOPELOWITZ OSTROW
One West Las Olas Blvd.
Suite 500
Fort Lauderdale, FL 33301
954-525-4100
Fax: 954-525-4300
Email: fields@kolawyers.com
Email: ferguson@kolawyers.com
*Counsel for Plaintiff Hamed Wardak*

Tereza Horáková, Esq.
thorakova@anmpa.com
Moris & Associates, P.A.
3650 NW 82nd Ave., Suite 401
Doral, FL 33166
*Counsel for Plaintiff Hamed Wardak*

Stephan Lopez Law Firm LLC
4000 Hollywood Blvd.
Suite 555 S
Hollywood, FL 33021
954-843-3509
Fax: 754-551-5400
Email: stephanlaw@outlook.com
*Counsel for Defendant Brian Cavanaugh*