**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:19-cv-21121-RAR

HAMED WARDAK,

    Plaintiff,

v.

SARAH GOOLDEN and
BRIAN CAVANAUGH,

    Defendants.

_____/

**REPORT AND RECOMMENDATION[1]
ON DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** came before the Court on Defendant Sarah Goolden's ("Goolden") Motion for Attorneys' Fees and Costs, ECF No. [108], and Defendant Brian Cavanaugh's ("Cavanaugh") Motion for Attorneys' Fees and Costs, ECF No. [109], (collectively "Motions"). Plaintiff Hamed Wardak ("Wardak") filed Responses to the Motions, ECF No. [111], [112], and Defendants each filed their respective Reply, ECF No. [115], [116]. Therefore, the Motions are ripe for disposition. After a review of the pending Motions, the pertinent portions of the record, the relevant authorities, and for the reasons stated below, it is hereby **RECOMMENDED** that the Motions be **DENIED.**

**I.     BACKGROUND**

On January 23, 2019, Wardak filed a complaint against Goolden in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, case number 2019-CA-002220 (the "Original Complaint"). ECF No. [1-3]. The Original Complaint included counts for

---

[1] The Honorable Rodolfo A. Ruiz, United States District Judge, referred the Motions to the undersigned to "take all necessary and proper action as required by law." ECF No. [110].

1

fraudulent misrepresentation, defamation, malicious prosecution, and abuse of process against Goolden. *Id*. ¶¶ 28, 33, 36, 38, 41. On March 22, 2019, Goolden filed a Notice of Removal arguing that there was diversity of citizenship in that Plaintiff is a resident of Puerto Rico and Goolden is a resident of New York City. ECF No. [1] ¶ 6. On May 9, 2019, Goolden filed a Motion to Dismiss the Original Complaint for failure to state a claim. ECF No. [18]. Following a hearing on September 10, 2019, ECF No. [28], the Court granted the Motion to Dismiss and gave Wardak leave to amend. ECF No. [29]. Wardak filed the First Amended Complaint on September 27, 2019. ECF No. [30].

### 1. The First Amended Complaint

The First Amended Complaint contained the following causes of action: Fraud against Goolden and Cavanaugh (Counts I and II); Civil Conspiracy against Goolden and Cavanaugh (Count III), violation of Florida Statute § 772.103—Florida's Racketeer Influenced and Corrupt Organizations Act ("RICO")—against Goolden and Cavanaugh (Counts IV and V), and Defamation against Goolden (Count VIII). *Id*. ¶¶ 134–165. Although a more complete summary of the factual allegations was provided in the undersigned's Omnibus Report and Recommendation on Defendant's Motions to Dismiss the First Amended Complaint, ECF No. [104], a brief recitation is provided for purposes of disposing of the present Motions.

The First Amended Complaint alleged that Goolden and Cavanaugh implemented a "systematic, ongoing course of conduct with intent to defraud." ECF No. [30] ¶ 10. Wardak alleged that Defendants obtained monies from him "by false and fraudulent pretenses, representations, and promises or willful misrepresentations of a future act." *Id*. Specifically, Wardak alleged that Defendants identified him as a target that they could "dupe." *Id*. ¶ 17. Wardak alleged that Goolden misrepresented that she loved and wanted to marry him. *Id*. ¶¶ 19–23.

Wardak alleged that Goolden's scheme included her father, Cavanaugh, who pretended to "serve as intermediary and confidant, pressuring Mr. Wardak with instructions to provide Ms. Goolden with cash to make sure she was 'properly taken care of' and facilitating the 'relationship'" between the two. *Id.* ¶ 20.

Wardak alleged that after they became engaged, Goolden had a stark change of heart. *Id.* ¶ 33. After multiple attempts at reconciliation, Wardak demanded the return of the engagement ring. *Id.* ¶¶ 37–42. Wardak alleges that Goolden responded by filing a police report on September 24, 2018 accusing Wardak of harassment, blackmail, slander, verbal abuse, obsessive texting, emailing, calling constantly to send things to her and her father's house, threatening to ruin her life, and threatening to show up at her house. *Id.* ¶ 43–44; *see* ECF No. [30-2]. Wardak alleges that Cavanaugh continued to tell him that he wanted to help the couple reconcile. *Id*. ¶¶ 52–53. Wardak alleges that he learned of the scheme from Goolden's brother and Cavanaugh's son, Kevin Goolden, who told Wardak that Goolden had been "conning" Mr. Wardak for money from the very beginning. *Id.* ¶ 54. Wardak also alleged that Goolden told several individuals affiliated with his music career that he is an "arms dealer" and/or a "stalker" even though Goolden knew it was false and that those comments harmed Wardak's business. *Id.* ¶ 98.[2]

---

[2] The instant action is not the only one between the parties. On January 31, 2019, Wardak filed an action in New York state court against Goolden for "conversion and misappropriation" of Wardak's monies in connection with the creation of a trust for Goolden's dog ("the New York State Action."). ECF No. [45-1] ¶¶ 1, 6. On September 26, 2019, the New York State Action was dismissed with prejudice based on the court's finding that the funds at issue were an irrevocable gift. ECF No. [45-2] at 2. On July 5, 2019, Goolden filed her own civil action against Wardak alleging claims for assault, battery, defamation *per se*, and intentional infliction of emotional distress. *Goolden v. Wardak*, No. 19-cv-6257-JPO, ECF No. [1] (S.D.N.Y. Jul. 5, 2019).

### 2. Motions to Dismiss the First Amended Complaint

On October 22, 2019, Goolden filed a Motion to Transfer Venue and Dismiss Plaintiff's First Amended Complaint, ECF No. [44]; and on November 9, 2019, Cavanaugh filed a Motion to Dismiss Plaintiff's First Amended Complaint, ECF. No. [56]. Wardak filed a Response to Goolden's Motion to Transfer Venue, ECF No. [51], and responded to Defendants Goolden's and Cavanaugh's respective Motions to Dismiss. ECF Nos. [55], [58]. Defendants filed their Replies. ECF Nos. [57], [63]. Those motions were addressed by the undersigned in the Omnibus Report and Recommendation on Defendants' Motion to Dismiss the First Amended Complaint ("Report and Recommendation"). ECF No. [104].

### 3. The Undersigned's Report and Recommendation

In May 22, 2020, the undersigned recommended, in the Report and Recommendation, that all claims be dismissed. ECF No. [104]. Not only were most of the claims barred by Florida's heart balm statutes, none of the claims were pled with specificity to state causes of action for fraud, civil conspiracy, RICO, or defamation. *Id.* at 8. In addition, the claims against Goolden were also precluded by *res judicata*. *Id.* Finally, as to Cavanaugh, there was no personal jurisdiction, and granting leave to amend would be futile. *Id.* Although the Report and Recommendation fully sets out the basis for its recommendations to the District Court, a summary of the dismissal of the civil RICO count, which frames the basis for the instant Motions is below.

As to the claims based in fraud (Counts I, II), civil conspiracy (Count III) and civil RICO (Counts IV and V), the undersigned found that they were barred by the heart balm statute. Specifically, Section 771.01 of the Florida Statutes, known as the "heart balm statute," provides that "[t]he rights of action heretofore existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction or breach of contract to marry are hereby

abolished." § 771.01, Fla. Stat.  Further, "[n]o contract to marry hereafter made or entered into in this state shall operate to give rise, either within or without this state, to any cause or right of action for the breach thereof." § 771.04, Fla. Stat.

Wardak had argued that the heart balm statute did not bar his claims of fraudulent misrepresentation because he was not "attempting to bring an action against Defendant for simply changing her mind or for 'going back on her promise.'" ECF No. [55] at 3. Plaintiff relied, in part, on *Kuketz v. Bibona*, 971 So. 2d 896, 896 (Fla. 5th DCA 2007), where a constructive trust had been placed on the plaintiff's home based on a false promise of marriage. ECF No. [55] at 4. The undersigned found that case unpersuasive given that it was not binding on the Court and offered no explanation as to what the evidence was to support the constructive trust or whether the heart balm statute was considered by the trial court. ECF No. [104] at 11, n.4. Indeed, the undersigned ultimately rejected Plaintiff's argument and found that "although Wardak formulated his First Amended Complaint as sounding in fraud, the action at hand only arises because Goolden did not marry Wardak*." Id.* at 10. As such, the heart balm statute barred the action. *Id.* at 11.

The undersigned also found that the fraud claims, including the RICO counts (IV and V), did not comply with the heightened pleading standard in Federal Rule of Civil Procedure 9(b). *Id.* at 11–18. Specifically, a requisite element of fraud is that the defendant must have made a false statement of material fact; as misrepresentations that are in the form of opinions are not sufficient. *See Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1342–43 (S.D. Fla. 2011), *aff'd*, 483 F. App'x 568 (11th Cir. 2012), *Temurian v. Piccolo*, No. 18-CV-62737, 2019 WL 1763022, at *5 (S.D. Fla. Apr. 22, 2019) (statements by defendant that software developers were trustworthy and legitimate were statements of opinion, and therefore not actionable), *reconsideration denied*, No. 18-CV-62737, 2019 WL 2491781 (S.D. Fla. June 14, 2019). The

undersigned found that the fraud claims were based on allegations that Goolden's feelings for him were not genuine and that these were not misrepresentations of fact for which a trier of fact could determine their veracity. *Id.* at 14. Likewise, as to Cavanaugh, the undersigned also found the allegations of fraud were insufficient because they related solely to his opinions regarding his daughter's feelings toward Wardak and his own opinions as to how Wardak might be able reconcile with his daughter. *Id.* at 15.

More specifically, as to the RICO claim, the undersigned also found that the First Amended Complaint failed to sufficiently plead facts for any predicate act. *Id.* at 16–18. Although the First Amended Complaint set out seven predicate acts, the predicate acts were based on the same allegations the undersigned had already found were insufficient to support that claim or were conclusory or related to the cause of actions associated in the New York State Action. *Id.*

In addition to the 12(b)(6) grounds, the undersigned also found that: (1) the fraud (Count I), civil conspiracy (Count III) and civil RICO (Count IV) claims should be dismissed under the doctrine of *res judicate* because they involved the same operative nucleus of fact—Wardak and Goolden's failed romantic relationship—as the action Wardak filed in New York; (2) that the First Amended Complaint failed to plead a cause of action for defamation; and (3) that Wardak has not alleged sufficient facts to make out a *prima facie* case that the Court has personal jurisdiction over Defendant Cavanaugh. *Id.* at 20, 25–26, 28.

### 4. Plaintiff's Dismissal Under Rule 41(a)(1)

Four days after entering the Report and Recommendation, Plaintiff filed a Notice of Voluntary Dismissal dismissing all of his claims without prejudice pursuant to Rule 41(a)(1)(A)(i). ECF No. [105]. On May 27, 2020, the Court entered an Order dismissing the action and directing the Clerk to close the matter. ECF No. [107].

### 5. The Instant Motions for Attorneys' Fees and Costs

Defendants have filed their respective Motions advancing two theories in support of their request for attorneys' fees and costs. ECF Nos. [108], [109]. Although Defendants make slightly different arguments, they can be addressed jointly. First, Defendants argue that because the First Amended Complaint contained a claim under Florida's RICO statute (Court IV and V), they are entitled to their attorneys' fees and costs with respect to that claim because Fla. Stat. Section 772.104(3) provides that a defendant in a RICO action "shall be entitled to recover reasonable attorney's fees and court costs . . . upon a finding that . . . [the plaintiff] raised a claim which was without substantial fact or legal support." § 772.104, Fla. Stat. Defendants also urge this Court to award attorneys' fees and costs under the Court's inherent power to sanction a party for acting in bad faith. ECF No. [108] at 9.

Plaintiff filed similar responses as to each. ECF Nos. [111], [112]. Plaintiff argues that the Motions should be denied for failure to comply with the Local Rules. ECF No. [111] at 4–7; ECF No. [112] at 4–8. As to the substantive arguments, Plaintiff argues that because it voluntarily dismissed the action, Defendants are not prevailing parties, but that in any event, the First Amended Complaint advanced credible arguments and that a finding that it lacked substantial fact or legal support is not warranted. ECF No. [111] at 8–19; ECF No. [112] at 8–19.

In Reply, Defendants contend that they should be excused from the requirements that they confer with Plaintiff given the contentious nature of the suit, and that in any event the requirements of Local Rule 7.3(a) do not apply. ECF No. [115] at 2–5; ECF No. [116] at 2–4. As to the substantive arguments, Defendants respond that they are the prevailing parties, and that the First Amended Complaint lacked substantial factual and legal support. ECF No. [115] at 5–10; ECF No. [116] at 5–8.

## II. ANALYSIS

After a thorough review of all the arguments that Plaintiff proposed in support of its claims; that Defendants advanced in their Motions to Dismiss; and that the parties presented now with respect to the instant Motions; the undersigned **RECOMMENDS** that the Motions be **DENIED**.

### 1. Defendants Inexcusably Failed to Confer as Required by the Local Rules and Their Failure Is Sufficient Reason to Deny the Motions.

Local Rule 7.3(a) states that "[a] motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion . . . has been completed." Local Rule 7.3(a) includes several requirements that must be met before a party files a motion for attorneys' fees, including the obligation of counsel to confer before any is filed. Defendants concede that none of the requirements of Local Rule 7.3(a) were met in this case. ECF No. [115] at 2, ECF No. [116] at 4. Instead, Defendants argue that Local Rule 7.30(a) does not apply because the request for attorneys' fees here arises from Plaintiff's dismissal, not from any final judgment or order as Local Rule 7.3(a) specifies. ECF No. [115] at 2–5; ECF No. [116] at 2–3. They also argue that they should be excused from complying with the Local Rule because conferring would have been futile and some of the information required by the Local Rule either has or can still be provided. *Id.*

To be sure, it would be the rare case that a motion for attorneys' fees could be entertained under a Rule 41(a)(1) context as opposed to a judgment or order. Defendants' position carves out an exception for a motion for attorneys' fees and costs from the Local Rule that was clearly designed to set out a procedure for all such motions. However, the undersigned finds it unnecessary to make a finding as to whether Local Rule 7.3(a) should apply here given that Local Rule 7.1(a)(3) specifically required that counsel confer before the filing of the instant Motions. As

8

such, whether by Local Rule 7.1(a)(3), or Local Rule 7.3(a), Defendants had a duty to confer before the filing of these Motions and they admittedly failed to comply.

Defendants' argument that their duty to confer should be excused because the parties would not have agreed in any event cannot be accepted. Nor should the Court accept the argument that there is no prejudice to Plaintiff as a result of their noncompliance. Indeed, Plaintiff had to prepare two response briefs. This is not a case where entitlement is undisputed, or a case where the response made clear that there would have been no agreement as to any of the entries submitted. Nor is it a case where there was a technical failure that was meaningfully cured. In a case such as this one, where the right to attorneys' fees is questionable, the undersigned is hard pressed to believe that a meaningful conferral by responsible and ethical counsel could not have prevented this matter from being raised before our Court. Parties or lawyers that find it difficult to agree on a request for attorneys' fees and costs is certainly not unusual. Indeed, if the Court were to accept that as an excuse, the Local Rules would be rendered meaningless. *See Koppelman v. Galt Olcean Manor Condo. Ass'n, Inc.*, No. 16-CV-62175, 2017 WL 7411025, at *3 (S.D. Fla. Dec. 1, 2017), *report and recommendation adopted sub nom. Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, No. 16-62175-CIV, 2017 WL 7411184 (S.D. Fla. Dec. 21, 2017) (citing various cases for the proposition that futility does not give rise to an exception from the Local Rules). The Court sees no valid reason why Defendants should be excused from the requirement that they confer before the filing of these Motions and their failure to do so is sufficient, under Local Rule 7.1(a)(3), to deny the Motions. As such, the undersigned **RECOMMENDS** that the Motions be **DENIED** for failure to comply with the Local Rules.

## 2. Defendants Have Failed to Show that the First Amended Complaint Lacked Substantial Factual or Legal Support.

Notwithstanding the violation of the Local Rules, the Motions should also be denied on their merits. As an initial matter, the undersigned must consider what standard it should apply. Plaintiff uses the prevailing party standard, and from there, argues that a voluntary dismissal does not give rise to a prevailing party finding. ECF No. [111] at 8-11; ECF No. [112] at 8-11. Defendant Goolden's Reply seems to concede that that is the correct standard, while Defendant Cavanaugh challenges the use of that standard (although using authorities that are not on point) but argues that Defendants are nevertheless the prevailing parties. ECF No. [115] at 5; ECF No. [116] at 5. However, there is no reason to conduct a prevailing party analysis in order to find that a party is entitled to fees under Section 772.104(3). Instead, the standard provided by the statute specifies that a party is entitled to fees if a claimant raised a claim which was "without substantial fact or legal support."[3] *See Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc.,* 162 F.3d 1290, 1331 (11th Cir. 1998) (relying on the standard provided for by the statute).

---

[3] Although a defendant may still be a "prevailing party" under Florida law despite the fact that the dismissal was without prejudice, s*ee Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014), here, the dismissal was not a result of the Court's action but rather, was a result of a dismissal based on Rule 41(a)(1). In *Dependable*, for example, the court entertained the fees request because although the action had been dismissed without prejudice, the plaintiff failed to refile their complaint after being given leave to file one. *Id.* The procedural posture is slightly different in the instant action where the First Amended Complaint was filed and then dismissed under Rule 41(a)(1) which does not require the court to approve the dismissal. Indeed, other courts have found that notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) does not constitute relief from the court on the merits of a claim or a judicial *imprimatur* altering the legal relationship between the parties such that any party may claim "prevailing party" status for the purpose of an award of costs or attorneys' fees. *Tidwell v. Krishna Q Investments, LLC*, 935 F. Supp. 2d 1354, 1359 (N.D. Ga. 2012). Nevertheless, the correct standard is not the prevailing party standard and no further analysis is required.

The undersigned notes that Defendants provide little assistance in addressing this issue. Indeed, their reliance on *Heather M. Fees, DVM, et al. v. Zarco, et al*, 2019 WL 2106072 (S.D. Fla. Feb. 11, 2019), is entirely misplaced as that case concerned a dismissal under Rule 41(d) which sets out

Of course, the Court here never made a finding with respect to the merits of the action given that Plaintiff dismissed the action before the Court had an opportunity to consider the Report and Recommendation. The fact that the procedural posture of the matter is a dismissal without prejudice cannot be overlooked. Defendant Goolden takes the position that the dismissal without prejudice is sufficient grounds for the Court to find that the complaint was without substantial factual or legal support. ECF No. [10]. Defendant Golden advances that argument without authority, and indeed, neither Defendant provided a single authority where a dismissal under Rule 41(a)(1) served as the basis for an award under Section 772.104(3).[4] *See Absolute Activist Value Master Fund Ltd. v. Devine*, No. 215CV328FTM29MRM, 2019 WL 3491962, at *12 (M.D. Fla. Aug. 1, 2019), *reconsideration denied*, No. 215CV328FTM29MRM, 2019 WL 4594589 (M.D. Fla. Sept. 23, 2019) (declining to award fees noting that although the case was dismissed with prejudice, it did not result in a directed verdict, summary judgment, or even a dismissal on the merits); *Filippova v. Mogilevsky*, No. 18-80044-CIV, 2019 WL 1054256, at *3 (S.D. Fla. Feb. 8, 2019), *report and recommendation adopted*, No. 18-80044-CIV, 2019 WL 1050697 (S.D. Fla. Feb. 19, 2019) (finding that a dismissal with prejudice is in and of itself sufficient to satisfy the requirements of Section 772.104(3); *Johnson*, 162 F.3d at 1331 (11th Cir. 1998) (citing *Hartford Ins. Co. of the Midwest v. Miller*, 681 So.2d 301, 302 (Fla. 3d DCA 1996)) (noting that Florida

---

an entirely different standard. Likewise, Defendant Goolden's reliance on *VP Gables, LLC v. Cobalt Grp., Inc.*, 597 F. Supp. 2d 1326, 1330 (S.D. Fla. 2009), is also misplaced as that case was under a Rule 54(d) context.

[4] Defendant Cavanaugh cited to *Nodal v. Infinity Auto Ins. Co.*, 50 So.3d 721, 724 (Fla. 2nd DCA 2010), which as he notes, was an analysis under a similar fees provision, but not Section 772.104. ECF No. [109] at 3–4. Nevertheless, although a voluntary dismissal does not preclude a finding that the matter was brought without substantial factual or legal support, and *Nodal* is persuasive on that point, it is not the case that a voluntary dismissal is determinative of the issue. Defendant Cavanaugh also cites to cases where the dismissal was with prejudice which do not need to be addressed as the dismissal here was without prejudice. ECF No. [109] at 3.

courts consistently have held that "defendants are entitled to fees under section 772.104 where civil RICO counts were dismissed with prejudice or a verdict was directed in the defendant's favor," and have explained that "a defendant may still be entitled to fees on the RICO count even if the plaintiff ultimately prevails on other counts.").

However, the fact that there was no judgment on the merits does not necessarily preclude attorneys' fees and costs. Indeed, the undersigned identified one case where a court found that the complaint lacked "substantial fact or legal support" after a dismissal under Rule 41(a). *Shelton v. Schar*, No. 5:17-CV-86-OC-PGBPRL, 2018 WL 4289654, at *2 (M.D. Fla. Aug. 23, 2018), *report and recommendation adopted*, No. 5:17-CV-86-OC-40PRL, 2018 WL 5084703 (M.D. Fla. Sept. 7, 2018). There, however, the court made that finding on the grounds that the pleading was a frivolous, shotgun complaint. *Id.* Although the undersigned ultimately found that the matter should be dismissed, this was not a shotgun pleading nor did the undersigned make any finding that the matter was frivolous.

Indeed, the Report and Recommendation, although recommending a dismissal, did not find that the matter was substantially unsupported. Although the relationship between the parties was certainly highly contentious, emotional and volatile, the undersigned finds that Plaintiff advanced his legal theories in good faith. Not only did Plaintiff attempt to carve out an exception to the heart balm statute using law from states with similar statutes and at least one Florida case, Plaintiff also added a considerable amount of more detail from it's the Original Complaint in an attempt to provide the Court with the specificity required. To be sure, it we as not enough, however, the undersigned cannot find that it was without substantial factual or legal support. The undersigned's review of the matter in the Report and Recommendation clearly showed that Plaintiff's arguments required significant review and consideration, including the undersigned's analysis as to whether

the fraud exception to the heart balm statute should be accepted. The fact that the Report and Recommendation recommended dismissal is not, without more, sufficient to find that fees are warranted.

Finally, having found that the claim is not unsubstantiated, the undersigned declines to recommend that sanctions are proper under the Court's inherent authority. Defendants' arguments here warrant no further analysis. Defendants provide the Court with little, if any, authority to do so and their arguments are simply conclusory repetitions of the Report and Recommendations findings. ECF No. [108] at 6, 8–9; ECF No. [109] at 4–5.[5]

Litigation is not a game, as Defendant Goolden points out, ECF No. [108] at 1, however, it appears as that is a lesson that all the parties need to learn. Plaintiff pursued an action that ultimately, and simply, did not belong in federal court. Plaintiff recognized that and dismissed his action. Defendants, not satisfied with the conclusion of the matter, filed these Motions that violated our Local Rules, cited to inapplicable case law, or failed to cite to any law in support for their request. It is time for this saga to be concluded. Anything else would just result in the continued waste of the parties' financial resources as well as judicial resources, both of which the Local Rules, the Federal Rules and the Florida RICO statute all endeavor to prevent.

### III.   RECOMMENDATION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendants' Motions for Attorneys' Fees, ECF Nos. [108] and [109], be **DENIED**.

---

[5] Plaintiff argues that the Court does not have authority to sanction Plaintiff because of the safe harbor provisions of Fla. Stat. 57.105. ECF No. [111] at 18; ECF No. [112] at 16–19. Although that is correct, it appears that the request for sanctions is not based on that statute or Rule 11, but rather on the Court's inherent authority. ECF No. [108] at 9; ECF No. [109] at 4–5.

## IV. OBJECTIONS

The parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Any request for an extension of this deadline must be made within three (3) calendar days from the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the report and shall bar the parties from challenging on appeal the District Judge's Order based on any factual or legal conclusions included in this Report and Recommendation to which the parties failed to object. 28 U.S.C. § 636(b)(1); *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on September 8, 2020.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**